UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SERVCO INSURANCE SERVICES
WASHINGTON LLC,

          Plaintiff,

       v.

JAY SOROKA, *et al.*,

          Defendants.

Case No.  C20-0313RSL

ORDER TO SHOW CAUSE

      This matter comes before the Court *sua sponte*. On February 26, 2020, defendants removed this action to federal court alleging that the Court has jurisdiction based on the diversity of citizenship of the parties. *See* 28 U.S.C. § 1332(a) (establishing that the federal court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States."). "For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th  Cir. 2004) (internal citation omitted). In examining whether complete diversity is present, the citizenship of a limited liability company is determined by examining the citizenship of the owners/members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens").

Defendants have not alleged the citizenship of each owner/member of Servco Insurance Services Washington, LLC, instead noting that the LLC is organized under the laws of Delaware, acknowledging that the identities of the members are unknown, but nevertheless asserting that the members are not domiciled in Washington. These assertions are insufficient to meet defendants' burden of establishing the basis of the Court's jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts"); Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Defendants state that they have no idea who the members of the LLC are but that they believe they are not Washington citizens: the citizenship allegation appears to be nothing more than speculation.[1] As a result, defendants are ORDERED TO SHOW CAUSE by March 13, 2020, why the Court should not remand this action by providing the Court with the citizenship of all of the owners/members of Servco Insurance Services Washington, LLC, at the time the complaint was filed. The Clerk of the Court is directed to place this order to show cause on the Court's calendar for that date.

Dated this 28th day of February, 2020.

Robert S. Lasnik
United States District Judge

---

[1] Publicly-available information does not support defendants' speculative assertion of non-citizenship: a search of the Washington Secretary of State's business records identifies plaintiff's individual members as of August 2019, at least some of whom appear to be citizens of Washington.

ORDER TO SHOW CAUSE - 2