UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SERVCO INSURANCE SERVICES
WASHINGTON, LLC,

Plaintiff,

v.

JAY SOROKA, CHRISTOPHER
BRUMFIELD, and MELANIE KELLY,

Defendants.

NO. C20-0313RSL

TEMPORARY RESTRAINING
ORDER AND ORDER FOR
EXPEDITED DISCOVERY

This matter comes before the Court on "Plaintiff's Emergency Motion for Temporary Restraining Order" (Dkt. # 10) and "Plaintiff's Motion for Limited, Expedited Discovery and Preservation of Evidence" (Dkt. # 15). Having reviewed the submissions of the parties, the Court finds as follows:

(1) This Court has jurisdiction over the parties and the subject matter of this dispute. The Order to Show Cause issued on February 28, 2020, is hereby VACATED.

(2) Servco Insurance Services Washington, LLC ("Servco") has a strong likelihood of success on the merits of its breach of contract claim. Although a recent change in Washington law makes the two-year term of section 5(b) of defendants' employment agreements presumptively unreasonable, the presumption is subject to rebuttal and reformation of the

TEMPORARY RESTRAINING ORDER
AND ORDER FOR EXPEDITED DISCOVERY - 1

temporal provision is likely appropriate. *See* RCW 49.62.020(2); *Emerick v. Cardiac Study Ctr., Inc., P.S.*, 189 Wn. App. 711, 724 (2015) ("If the trial court determines that certain terms of the covenant are unreasonable - such as the geographic and temporal scope of the restraint - the entire covenant does not fail . . . The court should still seek to enforce the covenant to the extent reasonably possible to accomplish the contract's purpose.").

(3) Servco will likely suffer irreparable harm in the absence of preliminary injunctive relief if defendants continue soliciting, accepting, and servicing Servco clients and/or utilizing confidential information regarding renewal dates, policy provisions, client lists, etc., to compete with Servco.

(4) The balance of equities tips in favor of granting preliminary injunctive relief. On one side is the interest of defendants in the unfettered exploitation of contacts and information in their possession so that they can rebuild a book of business in the service of their new employer. On the other is Servco's opposite and opposing interest in protecting its contacts, information, and clients for its own business purposes plus its interest in enforcing the parties' employment agreements.

(5) An injunction is also in the public interest. While Washington has a policy against contracts that preclude an employee from engaging in his or her chosen trade, business, or profession, less restrictive covenants that limit an employee's ability to solicit clients and/or to utilize confidential information for the benefit of a competitor are permitted as a means of safeguarding an employer's reasonable and protectable interests. The public also has an interest in the enforcement of contractual obligations.

(6) Defendants have not shown that judicial estoppel applies.

(7) The parties agree that, if temporary injunctive relief is granted, expedited discovery is necessary before determining whether a preliminary injunction should issue.

**FOR ALL OF THE FOREGOING REASONS, IT IS HEREBY ORDERED AND DECREED THAT:**

A. This Temporary Restraining Order is effective immediately. Servco shall post security in the amount of $100,000.00 no later than 5:00 pm on March 13, 2020. Failure to do so will result in the automatic termination of this Temporary Restraining Order.

B. Defendants are hereby temporarily enjoined from soliciting, accepting, diverting, or servicing any current or former Servco clients or client accounts that were previously serviced by one or more defendants while employed by Servco.

C. Defendants, and all parties in active concert or participation with defendants who receive actual notice of this Order, are hereby temporarily enjoined from using or disclosing Servco's confidential information, including but not limited to client lists, rating information, renewal dates, and policy terms, to solicit or divert insurance business on behalf or for the benefit of defendants' new employer.

D. Servco and defendants, and all parties in active concert or participation with them who receive actual notice of this Order, shall preserve all evidence related to the facts and claims set forth in the complaint (Dkt. # 1-2).

E. In order to allow the parties an opportunity to conduct discovery (and as proposed by defendants in response to plaintiff's motion for expedited discovery), this Temporary Restraining Order expires on April 22, 2020, unless plaintiff files a motion for preliminary injunction on or before that date or the Court has, for good cause, extended the deadline, in

which case the Temporary Restraining Order will expire when the Court has adjudicated that motion.

F. Each side in this litigation (as opposed to each party) may, on or before March 18, 2020, serve up to five interrogatories and seven requests for production. A responding party shall serve written responses and/or objections to the discovery within seven days of service and shall produce responsive documents not subject to objection within fourteen days of service. If an objection to a written discovery request is asserted, the parties shall meet and confer within two calendar days of service of the objection. Written discovery requests shall be narrowly focused on issues relevant to the preliminary injunction analysis, similar to the requests proposed by Servco with the motion for leave to conduct expedited discovery, and in keeping with the limited time frame allowed for responses.

G. Each side in this litigation (as opposed to each party) may, on or before March 18, 2020, serve one non-party subpoena duces tecum on Alliant requesting up to five categories of documents. Alliant shall have fourteen days in which to serve written responses/objections and to produce responsive documents. The categories of documents requested shall be narrowly focused on issues relevant to the preliminary injunction analysis and in keeping with the limited time frame allowed for responses.

H. Each side may depose the opposing party/parties and may notice two additional non-party depositions. Depositions are limited to three hours or less, without prejudice to completing the depositions in accordance with the Federal Rules of Civil Procedure after the preliminary injunction motion is resolved. At least seven days' notice shall be provided to the deponent, and depositions shall be scheduled to occur between April 3rd and April 17th. The parties shall meet

and confer on or before March 27, 2020, to agree on a comprehensive deposition schedule. If a Rule 30(b)(6) deposition is noted, any objections are to be served within two calendar days of receipt of the deposition notice and the parties are to meet and confer within two days of receipt of the objections.

I. Servco shall file and serve any motion for preliminary injunction on or before April 22, 2020, and note it on the Court's calendar for consideration on Friday, May 8, 2020. Defendants' response, if any, is due on the Monday before the note date. Servco's reply, if any, is due on the note date. If a motion for preliminary injunction is not timely filed and the Court has not, for good cause, extended the deadline, this Temporary Restraining Order expires automatically.

J. The deadlines and time frames in this Order can and will be altered for good cause. As the region addresses the spread of the coronavirus over the next few weeks, the Court expects the parties to adjust to changing public health recommendations and to stipulate to alterations in the schedule as needed. Witnesses, lawyers, and parties who are ill or part of an at-risk group shall be accommodated. The parties are encouraged to enter into stipulations regarding discovery procedures (Fed. R. Civ. P. 29) that would maintain social distancing and to consider taking depositions by remote means (Fed. R. Civ. P. 30(b((4)) and/or written questions (Fed. R. Civ. P. 31) rather than in person.

DATED this 11th day of March, 2020, at 10:40 a.m.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

TEMPORARY RESTRAINING ORDER
AND ORDER FOR EXPEDITED DISCOVERY - 5